### THE STATE OF KANSAS v. B. CRISSY, *et al.*

1. PLEADING; *Action on Forfeited Recognizance.* Where a party relies upon the liberal provisions of section 154 of the code of criminal procedure, to sustain his petition, he must see that all the matters named therein clearly appear.

2. ——— In such case the petition must affirmatively show, that the prisoner was discharged from custody by reason of the giving of the recognizance.

*Error from Mitchell District Court.*

ACTION in the name of *The State,* brought by the county attorney on a forfeited recognizance, against *Crissy,* as principal, and another as surety. A demurrer by defendants was sustained at the August Term 1875, and *The State* now appeals, and brings the case here on error.

*Willard Davis,* Attorney General, and *J. W. Bertram,* for The State.

The opinion of the court was delivered by

BREWER, J.: Action on recognizance.  Demurrer to peti-
tion was sustained, and this ruling is the alleged error.  The
petition alleges in substance, the filing of an information
against Crissy, his appearance in court, entering into a re-
cognizance, (a copy of which is given,) the filing of the re-
cognizance, Crissy's failure to appear at the next term, and the
forfeiture of the recognizance.  It is not claimed by the attor-
ney general that this petition was sufficient under the rules of
common-law pleading, but it is insisted that under the lib-
eral provisions of section 154 of the code of criminal proced-
ure, (Gen. Stat. 844,) it must be held to be sufficient.  But we
think under that section there is still a fatal omission.  That
section provides that no action upon a recognizance shall be
defeated on account of any irregularities, omission, etc., "so
that it be made to appear, that the defendant was legally in
custody, charged with a public offense, that he was discharged
therefrom by reason of the giving of the recognizance," etc.
Now this last matter does not appear from the petition.  It
does not follow, from the mere giving of a recognizance, that
the accused was discharged from custody by reason thereof,
or indeed that he was discharged at all.  For all this petition
discloses, the accused may never have been discharged from
custody, and the reason why he did not appear was because
he was confined by the sheriff in the jail, and could not come
to the court-house.  Where a party relies upon the liberal
provisions of this section to sustain his pleading, he must
make all the matters named therein clearly appear, or his
pleading will, on demurrer, be held insufficient.

The ruling of the district court will be affirmed.

All the Justices concurring.